```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| FOOD EMPLOYERS LABOR RELATIONS ASS'N and COMMERCIAL WORKERS HEALTH AND WELFARE FUND | : : : : |
| v. | : Civil Action No. DKC 2006-0485 |
| AUNDRA GRAVETTE, JR. | : : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Plaintiff's Motion for Final Judgment by Default. (Paper 9). For the following reasons, the motion will be granted in part and denied in part.

Pursuant to Federal Rule of Civil Procedure 55(b)(1), a default judgment will be entered in favor of Plaintiff upon motion and submission of an affidavit of the amount due "if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not. *See In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2nd Cir. 1999); *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). If the damages are ascertained, determined, and fixed, "or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits," a hearing on damages is not mandated. *Dundee Cement Co.*, 722 F.2d at 1323. Here, the factual

allegations support Plaintiff's claim for $3,715.27 and it has submitted the requisite affidavit and support for this claim. Plaintiff's factual allegations and declarations, however, are insufficient to establish Plaintiff's entitlement to attorney's fees.

**I.   Repayment of Benefits Advanced**

This case appears to meet the profile of *Provident Life & Accident Insurance Co. v. Waller*, 906 F.2d 985 (4th Cir.), *cert. denied*, 498 U.S. 982 (1990), recognizing the ability of an ERISA plan to recover monies advanced to a plan participant through equitable restitution.  In that case, the United States Court of Appeals for the Fourth Circuit recognized an ERISA plan administrator's claim for return of advanced benefits under an unjust enrichment theory because ERISA preempts a similar state law cause of action.  *Id.* at 990-91, 993.  The Supreme Court has ruled that a quasi-contract claim to recover advanced payments may be an equitable action permitted under ERISA as long as the plaintiff seeks to enforce an equitable lien on particular funds that have come into a defendant's hands.  *Sereboff v. Mid Atlantic Medical Servs., Inc.*, 126 S.Ct. 1869, 1874-76 (2006).  A cause of action for unjust enrichment seeking repayment of an advance is implied only when repayment is mandated in the text of the ERISA plan and the cause of action furthers this contract between the parties. *Waller*, 906 F.3d at 993; *see also Provident Life & Accident Ins.*

*Co. v. Cohen*, 423 F.3d 413, 426 (4th Cir. 2005) (rejecting unjust enrichment claim for advanced benefits because repayment was not explicitly mandated by the ERISA plan's text).

*Waller* held that such a claim also requires a showing that (1) the plaintiff reasonably expected repayment, (2) the defendant should have reasonably expected he would be required to repay, and (3) "the interests of society, as reflected by the goals of ERISA and efficient plan administration, would be served by allowance of an equitable remedy." *Waller*, 906 F.2d at 993.  The *Waller* court held that this test was met in that case because the plan terms demanded repayment of advanced benefits, these terms created reasonable expectations of repayment for both parties, and efficient plan administration favored repayment.  *Id.*

The factual allegations of Plaintiff's complaint as to liability are taken as true due to Defendant's default. *See Dundee Cement Co.,* 722 F.2d at 1323.  Plaintiff also offers the text of the relevant ERISA Plan's "Summary Plan Description" which states that "[i]f the Workers' Compensation Commission determines that your claim is compensable, all benefits terminate and payments made by the Plan to you and/or your provider must be immediately returned by you."  (Paper 9, Ex. A).

Plaintiff advanced benefits to Defendant in the amount of $3488.88 between September and December 2000 in anticipation of Workers' Compensation benefits.  It additionally advanced Defendant

benefits in the amount of $3,990.59 between April and July 2001 and in July 2002 in anticipation of Workers' Compensation benefits related to a second injury.  The Workers' Compensation Commission awarded Defendant benefits on two occasions for his first injury.  He was awarded Workers' Compensation benefits of $292 per week in January 2001 and was also awarded $4,710 in August 2003.  Defendant was also awarded Workers' Compensation benefits of $6,412.50 for his second injury in August 2003.  (Paper 9, Ex. 1, Walsh Aff.).  Plaintiff has proven its claim for repayment to prevent unjust enrichment under *Waller*.  Defendant's overall $7,479.47 liability for repayment relating to the two injuries is reduced by $3,764.20, the amount that he has since reimbursed Plaintiff, leaving a net debt of $3,715.27.  *Id.* at 3.

**II.  Attorney's Fees and Costs**

Plaintiff argues that it is entitled to attorney's fees as part of its quasi-contract claim because Defendant signed a contract relating to each injury promising not only to return advanced benefits if his Workers' Compensation claim was paid but also to "pay all costs and expenses, including attorney's fees, incurred by [Plaintiff] in connection with the collection of any amounts due hereunder."  (Paper 9, Ex. B, at 2; paper 9, Ex. C, at 2).

Plaintiff cannot recover attorney's fees as part of its *Waller* cause of action to prevent unjust enrichment.  A *Waller* cause of

4

action can be implied only if the defendant's obligation to repay the amount sought is mentioned in the plan text. *Cohen*, 423 F.3d at 426. In this case, the plan summary does not mention any obligation to pay attorney's fees, but only requires repayment of benefits advanced upon approval of Workers' Compensation payments. (Paper 9, Ex. A). Therefore, an unjust enrichment cause of action for attorney's fees does not meet "the limited circumstance in which [the Fourth Circuit] recognized a federal common law unjust enrichment claim in *Waller*." *Cohen*, 423 F.3d at 426.

Furthermore, there are limitations on a court's equitable power to award attorney's fees in an ERISA case. Attorney's fees may only be awarded in an ERISA case if they are warranted based on the assessment of the following five factors:

> (1) the degree of the opposing party's culpability or bad faith;
>
> (2) the ability of the opposing party to satisfy an award of attorney's fees;
>
> (3) whether an award of attorney's fees against the opposing party would deter other persons acting under similar circumstances;
>
> (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
>
> (5) the relative merits of the parties' positions.

*Mid Atlantic Medical Servs., Inc., v. Sereboff*, 407 F.3d 212, 221 (4th Cir. 2005) (citing *Johannssen v. Dist. No. 1-Pac. Coast Dist.*,

5

292 F.3d 159, 178 (4th Cir. 2002)), *aff'd*, 126 S.Ct. 1869 (2006). Before awarding attorney's fees, the court must assess each of these factors individually. *Id*.

Plaintiff has not made a sufficient showing that these factors favor an award of attorney's fees under the circumstances of this case. First, there is no evidence in the record concerning the first two factors. While Defendant has violated his contractual obligation, Plaintiff provides no evidence that Defendant did so in bad faith. Likewise, Plaintiff provides no evidence as to Defendant's ability to pay an award of attorney's fees aside from the fact that Defendant recovered Workers' Compensation benefits, most recently in 2003. Plaintiff has also not established whether it, as the party seeking attorney's fees, sought to clarify a legal issue or benefit all participants and beneficiaries of an ERISA plan. Presumably recovery by Plaintiff in this case benefits all other participants and beneficiaries of the plan, but Plaintiff does not discuss this issue.

Under the third factor, an award of attorney's fees likely would have some deterrent effect on other individuals reluctant to repay advanced benefits, although the weight of this effect is unclear. Under the final factor, Defendant has taken no meritorious legal position because he has defaulted.

Because the plan text did not mention attorney's fees or costs as required for a quasi-contract claim under *Waller* and because

6

Plaintiff has not established entitlement to fees under ERISA, Plaintiff's request for attorney's fees will be denied.

Reasonable costs other than attorney's fees are recoverable pursuant to Fed.R.Civ.P. 54(d)(1) and 28 U.S.C. § 1920. Those costs include the filing fee of $250 and the cost of photocopies, and could include the process server expenses. No documentation, however, has been provided for the process server fee. Furthermore, the amount sought for overnight delivery is not explained and will not be allowed, and taxation of online legal research expenses is not allowed. Pursuant to Local Rule 109.b, any requested cost, other than the filing fee, must be specifically supported. While the court will assume that the modest $0.42 in copying and postage costs were reasonably incurred for use in the case, the "overnight delivery expense" is not a normally necessary expense. Plaintiff has not stated the purpose for the delivery fee, or otherwise justified its taxation against Defendant. Accordingly, costs will be awarded in the amount of $250.42.

                                                /s/
                                DEBORAH K. CHASANOW
                                United States District Judge